THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711


CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 23, 1971



Overruled by H-155
where Conflicts

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-842

Re: Construction of Sections
33 and 40 of Article XVI,
Constitution of Texas.

Dear Mr. Resweber:

Your request for our opinion concerning the captioned matter asks the following question:

"Can the Judge of Court of Domestic Relations, receiving salary from Harris County hold a position as a board member of a State University simultaneously?"

Your question concerns appointment to the Board of Directors of Texas Southern University.

Section 40 of Article XVI, Constitution of Texas, provides in part as follows:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, . . ."

Section 33 of Article XVI, Constitution of Texas, provides in part as follows:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. . . ."

In Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950), the Supreme Court held that a court of domestic relations is neither a district court nor a county court, but is another

-4082-

court created by the Legislature pursuant to the authority granted in Section 1 of Article V of the Constitution of Texas. Previously in Willis v. Potts, 377 S.W.2d 622 (Tex.Sup. 1964), the Supreme Court had ruled that a member of a city council, who received a per diem, held an office under this State within the meaning of Section 19 of Article III of the Constitution of Texas. We have concluded that the same construction is applicable to the provisions of Section 40 of Article XVI of the Constitution of Texas. It is therefore our opinion that the office of judge of a court of domestic relations is an office of emolument within the meaning of Section 40 of Article XVI of the Constitution of Texas.

The government of Texas Southern University is vested in a board of directors created by the provisions of Article 2643b, Vernon's Civil Statutes. Section 4 provides:

> "Sec. 4. The reasonable expenses incurred by the members of the Board in the discharge of their duties shall be paid from any available funds of the institution. All expenditures shall be made by order of the Board, and the same shall be paid on warrants to be issued by the Comptroller of Public Accounts of the State of Texas based on vouchers to be approved by the chairman of the Board or some other officer of the University to be designated by him in writing to the Comptroller, and to be countersigned by the secretary of the Board or by some other officer of the University to be designated by said secretary in writing to the Comptroller."

It is noted by the foregoing provisions that members of the Board of Directors of Texas Southern University do not receive any salary or compensation for the discharge of their duties but are entitled to reasonable expenses incurred. Therefore, in our opinion, a member of the Board, while holding a State office, is not holding an office of emolument. See State ex rel Brennan v. Martin, 51 S.W.2d 815 (Tex.Civ.App. 1932), wherein the court stated:

> "The constitutional provision does not, per se and as a matter of law, prohibit a person from holding the office of school trustee while also holding another public office, for the simple reason that provision applies, arbitrarily, only to 'civil office(s) of emolument,' whereas the

Hon. Joe Resweber, page 3    (M-842)

> office of trustee of the Laredo Independent
> School District is not one of 'emolument,' since
> the holders thereof 'shall serve without com-
> pensation.'  Article 2775, R.S. 1925 (Citing
> authorities)."

Our opinion is that Section 40 of Article XVI of the
Constitution of Texas is not applicable to the office of a member
of the Board of Trustees of Texas Southern University for the
reason that such office is not an office of emolument.

The provisions of Section 33 of Article XVI, Constitution
of Texas, above quoted, prohibit the issuance of any warrant in
favor of any person "for salary or compensation" as agent, officer
or appointee who holds at the same time any other office or position
of honor, trust or profit under the State.

No salary or compensation is paid by a warrant upon the
State Treasury to judges of courts of domestic relations and the
pre-existing law establishing a Board of Directors of Texas
Southern University does not authorize the issuance of any
warrant "for salary or compensation" to its members.  Consequently,
Section 33 of Article XVI of the Constitution is not applicable to
members of such offices.

We are unable to find any conflict between the duties
of a judge of a domestic relations court and the duties of a
member of the Board of Directors of Texas Southern University.
Therefore, it is our opinion that the duties of the two offices
are not incompatible.

You are advised that a judge of the Harris County Court
of Domestic Relations No. 1 may hold simultaneously the office as
a member of the Board of Directors of Texas Southern University.

### S U M M A R Y

A judge of a court of domestic relations may
hold at the same time the office of member of the
Board of Directors of Texas Southern University,
since members of such Board do not receive any
salary or compensation and the duties of the two
offices are not incompatible.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By _Nola White_
NOLA WHITE
First Assistant

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sally Phillips
S. J. Aronson
Roland Allen
James Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant